## PASQUALINO COFRANCESCO
### vs.
## HENRY L. BOSTWICK

Superior Court      New Haven County      File #47777

Present:  Hon. JOHN A. CORNELL, Judge.

W. H. Burland,                Attorney for the Plaintiff.

C. T. McClure,                Attorney for the Defendant.

**MEMORANDUM FILED DECEMBER 1, 1935.**

CORNELL, J.   The testimony in this case presents those conflicts in important features so frequently met with in automobile negligence actions as to be almost commonplace.

On the one hand the plaintiff claims that her car as it approached the intersection was proceeding at a speed of but 20 miles per hour and that the defendant's was moving at a pace of 35-40 miles per hour.

On the other, the defendant maintains that he approached the intersection at a speed of 17-20 miles per hour and that the plaintiff car entered it while going at 38 miles per hour.

Reference must be had to the physical evidence—particularly the marks on the highway (Elm Street)—for aid in resolving the manifest contradictions in the evidence.

Accepting the testimony of the police officer as emanating from the most disinterested source, it would appear that there were tire marks of the drag species commencing a little to the west of the point of intersection of the center lines of the two streets and a little to the south of the center line of Elm Street and proceeding in an arc in a generally south erly or southwesterly direction.   These marks, according to uncontradicted testimony were left by plaintiff's car and pre sumably by its rear wheels.

To have been made at the point in question the front wheels must have been turned to the left very sharply at a time immediately before, or at the latest, at the time they had reached the center line of Dwight Street.

This deduction militates against the acceptance of the testimony of the driver of plaintiff's car insofar as the latter places plaintiff's vehicle at a point whereat the radiator of it had about reached the west curb of Dwight Street in a position north of the center line of Elm Street when the defendant car was still ten feet away and going about twice as fast as was plaintiff's car.

It is, of course, possible that a collision might have occurred if both cars continued from these respective points to proceed in the directions toward which they were then headed, but the point of such collision would have been further to the west and would have left little, if any, opportunity for either of the cars to have followed their respective admitted courses after the contact and to have come to rest at their respective admitted places.

Moreover, had the cars occupied the respective positions attributed to them by the plaintiff's driver when it first appeared to him that a collision was imminent, it is not reasonable to believe that plaintiff's operator would have been intent upon turning to his left to avoid it, but rather upon increasing his speed to get out of the way of the defendant car.

Eliminating plaintiff's driver's testimony as not credible on the point referred to, it does not matter insofar as the result is concerned whether the testimony of another occupant of the plaintiff's car or that of the defendant be accepted.

The former stated that when the front end of the plaintiff's vehicle was about even with the east curb line of Dwight Street (and he in the rear seat, about ten feet east of it) the defendant car was about 25 feet away from them and moving at a speed about twice that of the plaintiff's car.

In such a situation it would be apparent to any person using a minimum of care that if both cars continued at the same speed in their respective directions, a collision would be almost unavoidable.

If it be conceded that such a close calculation as such circumstances would require to reach that conclusion, conferred the right of way on the plaintiff car to enter and pass through the intersection ahead of the defendant's it at the same time enjoined upon the driver of it that he use that reasonable care which a reasonably prudent man would, under similar

circumstances, having knowledge that he had the right of way. Neither by maintaining a proper lookout nor in the control of the car, did plaintiff's driver discharge the duty imposed upon him in this respect. In this he was, of course, guilty of negligence of a character which was a substantial factor in producing the collision. This same conclusion results if defendant's account of the events leading up immediately to the accident be accepted.

Further analysis lends additional support for these determinations, but nothing would be gained by setting it down here.

Judgment for defendant.