JOSEPH J. PAGLIARO ET AL. *v.* OLE C. SEVERSON ET AL.

SUPERIOR COURT FAIRFIELD COUNTY AT BRIDGEPORT FILE No. 108612

Memorandum filed February 18, 1960

*Bronislaw Winnick,* of Shelton, for the plaintiffs.

*Edward J. Donahue,* of Derby, for the defendants.

FITZGERALD, J. This is an action for a declaratory judgment. It was tried to the court on the plaintiffs' substituted complaint and on the defendants' answer thereto. The essential allegations of the substituted complaint are admitted in the defendants' answer. It would serve no useful purpose to restate them even briefly in this memorandum. At the trial various photographs of the respective properties were put in evidence as well as the deeds or copies thereof, and a copy of an officially recorded land map.

The following statement from 7 Thompson, Real Property (Perm. Ed.) p. 88, § 3605, is deemed pertinent: "Where the owner of a tract of land adopts a general scheme for its improvement, dividing it into lots, and conveying these with uniform restrictions as to the purposes for which the land may be used, such restrictions create equitable easement in favor of the owners of the several lots, which may be enforced in equity by any one of such owners. Such restrictions are not for the benefit of the grantor only, but for the benefit of all purchasers. The owner of each lot has as appurtenant to his lot a right in the nature of an easement upon the other lots, which he may enforce in equity. Whether such a restriction creates a right which inures to the benefit of purchasers is a question of intention, and to create such a right it must appear from the terms of the grant, or from the surrounding circumstances, that the grantor intended to create an easement in favor of the purchasers." See Restatement, 5 Property § 541; *Hooker* v. *Alexander,* 129 Conn. 433, 436; *Rossini* v. *Freeman,* 136 Conn. 321, 324.

There is no ambiguity in the wording of the restrictions contained in the deeds of the parties. The structure placed by the defendants on lot 21—a stable to house a saddle horse—after they had acquired this lot on February 27, 1958, is neither "a private one-family dwelling house," "a private garage to be used only by the occupants of said house [thereon]," or an "accessory building" incidental to any "private dwelling house" on the lot. See restrictions in the deeds.

That the defendants built a dwelling house on lot 20 after they acquired title thereto on June 25, 1953, and have made their home thereon does not advantage them in respect to the present use being made by them of lot 21, acquired subsequently.

Clearly, the grantor of the parties hereto intended to create a right inuring to their benefit when they purchased originally from her the lots in question. The imposed restrictions are clear and precise. That the defendants are prohibited from constructing a stable on their second acquired lot (lot 21) to be used in connection with the housing of a horse, be it a saddle horse or otherwise, cannot be circumvented. It follows that the plaintiffs, who bought lot 19 from the common grantor on August 11, 1949, and built a dwelling house thereon, are entitled to the enforcement of restrictions common to the respective deeds of the parties.

In passing, it is noted that the third claim for a declaratory judgment contained in the original complaint—"[w]hether or not the Defendants have a right to move said building [stable] or structure from Lot #21 to Lot #20 [on which their dwelling house has been built and stands]"—is omitted as a declaratory claim in the substituted complaint upon which the case was tried. The two claims for a declaratory judgment contained in the substituted complaint are these: "1. Whether or not the Defendants have a right to keep and maintain the building or structure described in this complaint on said Lot #21. 2. Whether or not the Defendants have a right to house or stable a horse or horses and store hay in said building or structure."

The right of the plaintiffs to relief by way of a declaratory judgment was not questioned at the trial. It is true that cases concerning the claimed violation of restrictive covenants in Connecticut have usually been brought to the courts on claims for injunctive relief in equity. This does not mean that an action for a declaratory judgment cannot be resorted to in an appropriate case. The Connecticut statute (General Statutes § 52-29) has been said by our Supreme Court to be "broader in scope"

than the Uniform Declaratory Judgments Act which it antedates "and the statutes in most, if not all, other jurisdictions." *Connecticut Savings Bank* v. *First National Bank & Trust Co.*, 133 Conn. 403, 409. And "the owners of land under deeds containing terms, restrictions, reservations, and conditions subsequent" have been held "entitled to proceed under the Declaratory Judgments Act for a declaration determining the respective rights of each and all of the parties thereunder, where there is an actual controversy as to these matters." 16 Am. Jur. 307, § 32.

The conclusion reached is that the plaintiffs are entitled to a declaratory judgment as requested. Accordingly, it is adjudged and decreed as a declaratory judgment: 1. That the defendants do not have the right to keep and maintain the present structure built by them on lot 21 on map entitled "Map of Proposed Lots on Land of Edith Burr Glover, Shelton, Connecticut, Scale 1″ = 50′, May 12, 1948, Revised July 11, 1949, Prepared by G. E. Thompson, and on file in the Shelton Town Clerk's Office," which lot was conveyed to them by warranty deed in survivorship with restrictions on February 27, 1958, by Edith Burr Glover, recorded in volume 155 on page 347 of the Shelton land records. 2. That the defendants do not have the right to house or stable a horse or horses and to store hay in said presently existing structure built by them on said lot 21 after they had acquired title thereto. 3. That no costs be taxed in favor of any of the parties.

Judgment may enter as above specified.