BARBARA COSCINA *v.* WILLIAM A. COSCINA
(9175)

DALY, FOTI and LAVERY, Js.

Argued January 8—decision released March 5, 1991

*Nicholas E. DeNigris,* for the appellant (defendant).

*John R. Logan,* for the appellee (plaintiff).

DALY, J. The defendant appeals from a judgment rendered in favor of the plaintiff declaring that the defendant was obligated to pay certain medical insurance premiums on behalf of the plaintiff and awarding monetary damages to compensate her for prior medical insurance premiums paid. The defendant claims that the court improperly found the parties' separation agreement to be ambiguous and incorrectly construed it as warranting the defendant to pay basic medical insurance premiums for the plaintiff's coverage. The defendant also claims that the court should have found that the plaintiff's complaint was barred by the doctrine of laches. We disagree and affirm the judgment of the trial court.

In brief, the trial court relied on the following facts. The parties were married in 1952. The plaintiff did not work outside the home except for providing some services to her husband in his private dental practice. Two children were born from this union, both are now adults. The plaintiff suffered from mental health problems during the marriage and thereafter. The defendant and plaintiff signed a marital distribution agreement on May 3, 1976, that was stipulated as part of a subsequent divorce decree obtained in Haiti.

The plaintiff brought an action for a declaratory judgment on August 25, 1988, wherein she sought an interpretation of paragraph three of the marital distribution agreement. The plaintiff argued and the trial court con-

curred that the agreement was ambiguous and that the evidence supported the conclusion that the parties intended the defendant to provide the plaintiff with basic medical insurance. This appeal followed.

A plaintiff may seek a declaratory judgment from the court, pursuant to Practice Book § 390 (b), when there is "an issue in dispute or an uncertainty of legal relations . . . between the parties. . . . [T]here must appear a sufficient practical need for [a] determination . . . in the light of the particular circumstances involved in each case." *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165 (1951). Practice Book § 390 (c) " 'allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete.' " *Progressive Casualty Ins. Co.* v. *DiGangi,* 4 Conn. App. 137, 140, 492 A.2d 548 (1985) rev'd on other grounds sub nom. *Beloff* v. *Progressive Casualty Ins. Co.,* 203 Conn. 45, 523 A.2d 477 (1987). "Subject matter jurisdiction over actions for declaratory judgment exists despite the availability or adequacy of other legal remedies." *Progressive Casualty Ins. Co.* v. *DiGangi,* supra, 139.

In prior cases where a plaintiff was seeking to clarify a marital dissolution agreement, a motion for clarification of judgment was employed with approval. See *Holcombe* v. *Holcombe,* 22 Conn. App. 363, 366, 576 A.2d 1317 (1990), and cases cited therein. The trial court here accepted the plaintiff's complaint for a declaratory judgment coupled with a request for monetary damages. Although an alternative form of action was available, namely the motion for clarification of judgment, we do not disapprove of the trial court's proceeding as it did.

The trial court correctly determined that the paragraph in dispute was ambiguous and in need of deter-

mination in order to settle the legal obligations between the plaintiff and the defendant. Practice Book § 390. Furthermore, under Practice Book § 391 (d), a plaintiff may request other relief, in this case monetary damages, in conjunction with an action for a declaratory judgment. Cf. *SantaMaria* v. *Manship,* 7 Conn. App. 537, 510 A.2d 194 (1986). Although a motion for clarification of judgment was an option, it would not have been speedy and convenient for the trial court to request a change of the pleadings. The plaintiff's request for a declaratory judgment clearly afforded her an appropriate and complete remedy. See *Progressive Casualty Ins. Co.* v. *DiGangi,* supra. Thus, the trial court did not abuse its discretion by proceeding as it did.

The paragraph contested in this case reads as follows: "The husband shall pay all MEDICAL, HOSPITAL and DENTAL expenses in excess of Blue Cross and CMS expenses, excluding mental illness, incurred by the wife until such time as she shall remarry. The wife agrees to execute any and all necessary insurance forms for the collection of any sums due covered by Medical Insurance maintained by the husband. The husband shall maintain for the wife automobile insurance; said insurance shall be at least the minimum standard required by the laws of the State of Connecticut."

The trial court found that this paragraph was ambiguous regarding the basic medical insurance, Blue Cross and CMS, to be maintained by the husband. Although the first sentence clearly mandates that the husband pay expenses in excess of basic medical coverage, excluding mental illness, the second sentence is problematic. The phrase "medical insurance maintained by the husband" could refer to any medical insurance the husband chose to maintain, or, refer to the medical insurance coverage he was then maintaining at the

time the agreement was executed. Thus, we agree with the trial court's conclusion that paragraph three of the agreement is ambiguous.

Once the trial court determined that the paragraph in question was ambiguous, it was left with the task of ascertaining the parties' intent. *Marsico* v. *Marsico,* 195 Conn. 491, 493, 488 A.2d 1248 (1985); *Kaplan* v. *Kaplan,* 8 Conn. App. 114, 118, 510 A.2d 1024 (1986). The trial court's thorough memorandum of decision articulates the facts relied on to determine the parties' intent at the time the agreement was negotiated. The trial court concluded that the husband was obligated to maintain basic medical coverage for the plaintiff as he had been doing throughout the marriage, and for some time after the divorce. This court finds ample evidence in the record to support the trial court's factual determination.

The burden of proof is on the party alleging laches to establish that defense. *Cummings* v. *Tripp,* 204 Conn. 67, 88, 527 A.2d 1230 (1987). In order to establish this defense, the defendant must prove that the plaintiff unreasonably and inexcusably delayed bringing suit, and that the defendant suffered prejudice as a result of the delay. Id. The defendant cannot be said to have suffered prejudice merely by the passage of time and the nonpayment of money due from him. *Brock* v. *Cavanaugh,* 1 Conn. App. 138, 140, 468 A.2d 1242 (1984); see *Bozzi* v. *Bozzi,* 177 Conn. 232, 239–41, 413 A.2d 834 (1979).

Here, the plaintiff suffered from a mental illness that occasioned her delay in contesting the agreement. The plaintiff also made demands on the defendant for the payment of her basic medical coverage during the time in question, but was not successful. Although the defendant is now in circumstances that may make it

difficult to provide the plaintiff with basic medical coverage, this factor is relevant to mitigation of payment orders, not to prejudice. Therefore, the defendant has failed to establish sufficient proof to support the defense of laches.

The judgment is affirmed.

In this opinion the other judges concurred.