[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 22, 1991, the plaintiff Mary Lou Narowski filed this action seeking a declaratory judgment. Her complaint alleges that on December 19, 1984, Riverdy Whitlock as executor of the estate of Dorothy Whitlock, conveyed two parcels of land, on to the plaintiff, the other to the defendants Bruce and Barbara Meyer. (Copies of these deeds were attached to the complaint. On said map plaintiff received Lot #1. The defendants received Lot #2.)
The deed conveyed to the plaintiff contained the following language:
"All the right, title and interest of the grantor in and to a strip of land shown on said map as `existing private road' and immediately adjacent to the above premises to the east; reserving to the grantor, his successors and assigns, an easement for all purposes whatsoever in, through, over, under, across and upon said `existing private road' and that portion of Lot #1 on said map as lies between said private road and Lot #2 on said map." CT Page 983
In the deed to the defendants', Bruce and Barbara Meyer, the grantor gave them "all the right, title and interest of the grantor in and to a strip of land shown on said map as "existing private road" and immediately adjacent to the above premises to the east; reserving to the grantor, his successors and assigns, an easement for all purposes whatsoever in, through, over, under, across and upon said "existing private road" and that portion of Lot #1 on said map. Such conveyance is subject to the rights of any other parties who may have an interest in said "existing private road".
The easement granted to the defendants as described above, runs over a portion of the property conveyed to the plaintiff. The defendants use the easement for access and egress to and from their property.
The real property conveyed to the plaintiff and the defendants as described in the deeds attached to the complaint was also conveyed subject to "building lines, if established, all laws, ordinances or governmental regulations, including building, wetlands and zoning ordinances affects said premises."
The plaintiff claims that the zoning regulations of the Town of Woodbridge 3.431 provide "[n]o rear lot shall be allowed unless there is provided for the exclusive use of such lot an unobstructed right-of-way at least 20 feet wide (in a subdivision 20 feet in fee simple) to an accepted street adequate to accommodate the free passage of fire apparatus or other emergency equipment."
It is the plaintiff's claim that the easement granted to the defendants, and their use thereof, makes the plaintiff's use non-exclusive.
In this matter, the defendants have filed a counterclaim in addition to filing special defenses.
On June 4, 1992, the plaintiff filed a request for admissions which basically set forth each paragraph as alleged in the plaintiff's complaint. The defendants did not answer and so, per 238 et seq., the plaintiff's request for admissions are deemed judicially noticed.
The claim that the plaintiff's lot is a rear lot under the zoning regulations of the town was denied.
The court heard the following testimony from the parties. CT Page 984
The defendant Barbara Meyer gave the following evidence: that she purchased with her husband on December 19, 1984 Lot #2 from Riverdy Whitlock, executor of the estate of Dorothy M. Whitlock; that prior to said purchase she and her husband, in early 1984, were on the site of the property as was the plaintiff; that a conversation between the plaintiff, her husband, and the defendants took place concerning the defendants' proposed use of the private road and the use of the strip for egress and ingress; and that after her first indication of refusal, the plaintiff later in the week called indicating she had the wrong information and expressed she had no objection.
The defendant Bruce Meyer testified that he and his wife met the plaintiff and her spouse on the property site; that the subject of conversation was the proposed method of use of the land to get to his house by building a driveway on the left side of the property; and that the plaintiff originally was not in favor of this proposal. The defendant Bruce made it very clear to the real estate agent that without an easement for such use he would not purchase the property.
He also stated that the plaintiff called and withdrew her opposition; that with this understanding and with the granting of an easement he would proceed along with his wife to purchase the lot.
The plaintiff offered the following evidence: that on December 19, 1984 she purchased from the executor of the estate of Dorothy M. Whitlock a certain piece or parcel of land known as Lot #1. Said deed also conveyed,
 an easement, to the extent that the grantor has the right to convey the same, in common with others to whom rights may heretofore have been or may hereafter be granted, for all purposes whatsoever, in, through, over, under, across and upon a strip of land as shown on said map as "existing private road" and that portion of Lot #1 on said map as lies between said private road and said Lot #2.
She acknowledged having a conversation with the defendants on the site of the property prior to the purchase. She denied that she ever called the defendants after said meeting and consented to their use of the property strip in question. She expressed she CT Page 985 could not understand why the defendants cannot use the other side of their property for ingress and egress. She acknowledged that the defendants built their house first and that they have always used the presently contested route for access and egress to their home.
Succinctly put, the plaintiff's position is that all of its allegations were admitted by the defendants by their failure to respond to the request for admissions dated June 4, 1992; that from the exhibits and documents placed into evidence it should be clear to the court that the plaintiff's lot is a rear lot and therefore in violation of the zoning regulations of the town, specifically zoning regulations 3.341.
The plaintiff requests the court that since 3.341 requires an unobstructed right of way at least twenty feet wide and that the defendants' easement interferes with that requirement the court should declare the plaintiff's lot a rear lot.
The defendants respond that the lynch pin of the plaintiff's claim is that the plaintiff's lot is a rear lot. The defendants claim that since the plaintiff has failed to introduce any evidence, that her lot is a rear lot as that term may be defined in the Town of Woodbridge Zoning Regulations, the court is unable to find that plaintiff's lot is a rear lot.
The court finds that there should have been evidence for the court to determine from the zoning regulations the defendant of the term "rear lot". Accordingly, the court has failed to make a finding of fact that the plaintiff's lot is a rear lot.
The question of whether a zoning regulation or an easement takes precedence when both are mentioned in the deed to a parcel of land appears not to have been decided by our courts.
While there are no cases directly on point, there are several cases that mention analogous situations and support the proposition that an easement would take precedence of the zoning regulations. Bankers Trust Co. v. Zoning Board of Appeals, 165 Conn. 624,345 A.2d 544 (1979).
The plaintiff in this case owned a tract of land which included a right of way serving his land and the land of others. The court held that the right of way could not be considered when the tract was evaluated under zoning regulations concerning lot CT Page 986 size. Kefauver v. Zoning Board of Appeals, 152 Conn. 144,195 A.2d 422 (1963). The property owner had title to a parcel of land which included a service road. The property owners' association had an easement in the service road. The court held that the portion of the parcel that constituted the service road could not be included in the area required as a front yard under the zoning regulations. Gagnon v. Municipal Planning Commission, 10 Conn. App. 54,521 A.2d 589, cert. denied, 203 Conn. 807, 525 A.2d 521 (1987). In his dissent, Judge Bieluch states that a statutorily created easement over an abandoned highway, recognized in the land records as a right of access, should not be blocked by a proposed subdivision. Any failure to recognize this right of access would be a taking of property without just compensation. Favrow v. Connecticut Commissioner of Environmental Protection, Superior Court, Judicial District of Hartford-New Britain at Hartford. Docket No. 364442 (July 26, 1991). The state trial referee accepted the testimony of the chief building officer and zoning administrator. It was the administrator's opinion that a given parcel of land would satisfy the requirement for a building permit. The taking of an easement by the state, on that parcel, however, would preclude the granting of a building permit.
The defendants claim that the court does not have jurisdiction to determine whether the easement violates the zoning regulations because the Town of Woodbridge has already determined that no violation exists. A second claim by the defendants as a defense is that the plaintiff has not exhausted her administrative remedies.
"The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Association of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). "[O]ur rules of practice provide that the court will not render a declaratory judgment on the complaint of a person `unless he has an interest, legal or equitable, by reason of danger of loss or uncertainty as to his rights or other jural relations which requires settlement between the parties.'" Id., citing Practice Book 390(a).
 A plaintiff may seek a declaratory judgment from the court, pursuant to Practice Book 390(b), when there is "an issue in dispute or an uncertainty of legal relations . . . between the parties. . . . [T]here must appear a sufficient practical need for a determination . . . in the light of the particular circumstances involved in CT Page 987 each case."
Coscina v. Coscina, 24 Conn. App. 190, 192, 587 A.2d 159 (1991), quoting Bania v. New Hartford, 138 Conn. 172, 175, 83 A.2d 165
(1951).
The plaintiffs must have standing for a court to have jurisdiction to render a declaratory judgment, which means that a party must demonstrate a legal interest in the controversy that can be distinguished from the interest of the general public. Connecticut Business Industry Ass'n. , Inc. v. CHHC, 218 Conn. 335,345, 589 A.2d 356 (1991).
The complaint for a declaratory judgment should allege an appropriate "dispute or uncertainty and set forth the facts necessary for the determination of the question." Lipson v. Bennett, 148 Conn. 385, 388 (1961), citing Bania v. New Hartford,138 Conn. 172, 175.
"The court will not render declaratory judgments upon the complaint of any person . . . where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure. . . ." Practice Book 390(c). "Practice Book 390(c) allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete." England v. Conventry, 183 Conn. 362, 365 (1981), citing Conn. Savings Bank v. First National Bank Trust Co., 133 Conn. 403,410 (1947).
"A declaratory judgment action may be used to determine . . . whether a proposed use of land will constitute a violation of zoning regulations. . . ." Robert M. Anderson, American Law of Zoning (3d. Ed. 1986) 30-01, pp. 693-94. An action for declaratory judgment was appropriate to determine the rights of landowners under restrictive covenants contained in their deeds. Pagliaro v. Severson, 22 Conn. Sup. 82, 84-85 (Super.Ct. 1960). An action for declaratory judgment was inappropriate, however, to determine the rights of the parties with respect to a pond where the plaintiff did not assert any right in the pond. Lipson v. Bennett, 148 Conn. 385, 388-90, 171 A.2d 83 (1961). Many declaratory judgment actions are used to resolve disputes or uncertainties in matters where the court must only consider a limited number of documents. See, e.g., Coscina v. Coscina,24 Conn. App. 190, 192, 587 A.2d 159 (1991) (clarification of a CT Page 988 marriage dissolution agreement); Rudder Building Services Corp. v. Rudder, 3 CSCR 151 (December 18, 1986, Noren, J.) (clarification of decision in prior action).
"While exhaustion of administrative remedies is generally held to be applicable to proceedings involving judicial review of administrative agency action, there are certain exceptions to the rule." Aaron v. Conservation Commission, 178 Conn. 173, 178-79,422 A.2d 290 (1979). Two exceptions are "when the claims sought to be litigated are jurisdictional" and "when the remedies available are futile or inadequate." Id. "To deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Id.
The following facts are found by the court:
 a) The plaintiff and defendants are adjoining landowners of property shown on a map (see Exhibit C) in evidence. Plaintiff's property is shown as Lot #1 on said map. The defendants' property is shown as Lot #2.
 b) Plaintiff's deed reserved to the grantor an easement across and upon the strip of land known as "existing private road". The full description is "all the right, title and interest of the grantor in and to a strip of land shown on said map as `existing private road' and immediately adjacent to the above premises to the east; reserving to the grantor, his successors and assigns, an easement for all purposes whatsoever in, through, over, under, across and upon said "existing private road" and that portion of Lot #1 on said map as lies between said private road and Lot #2 on said map."
 The defendants' deed was recorded after the plaintiff's deed and grants the defendants a right of way for all purposes across the piece of land known as "existing private road".
 The description of the easement is as follows: "all the right, title and interest of the grantor in and to a strip of land shown on said map as "existing private road" and immediately adjacent to the above premises to the east; reserving to the grantor, his successors and assigns, an easement for all purposes whatsoever in, CT Page 989 through, over, under, across and upon said "existing private road" and that portion of Lot #1 on said map. Such conveyance is subject to the rights of any other parties who may have an interest in said "existing private road".
 c) The defendants met and spoke with the plaintiff on the property site in early 1984 prior to the purchase of the property.
 The defendants discussed with the plaintiff their use of what became the disputed strip. At first the plaintiff objected to such use, but later recanted such rejection and gave her approval. Without such approval the defendants would not purchase the property.
 d) In reliance on the plaintiff's nonobjection, the defendants sought and received from the seller an easement which would allow them to use the disputed strip and "existing private road" as a means of access to their property.
 e) Further reliance on this easement and the plaintiff's nonobjection, the defendant sought and obtained a building permit showing such access and egress. Construction of the house began in 1985.
 f) The defendants granted the division of the Northeast Utilities, C.L. P., an easement across the strip for the purpose of installing electric power.
 g) The plaintiff applied for and received a building permit and her application and related information reflect her use of the private road and disputed strip. The zoning enforcement officer found that use to be consistent with and not violative of the zoning regulations of the Town of Woodbridge.
 h) The plaintiff did not dispute the defendants' use of the strip until 1990 when a notice was served upon them.
 i) The defendants, through their previous attorney, had inquired of the Town of Woodbridge's first selectman, the zoning enforcement officer and the zoning board of appeals if the defendants' use of the easement was a CT Page 990 violation of Zoning Regulation 3.431. They were advised it was not.
The court finds that the plaintiff has failed to meet her burden of proof in all of the material allegations in her complaint and accordingly finds for the defendants. On the counterclaim, the court finds for the plaintiff.
On the complaint, judgment is entered for the defendants.
On the counterclaim, judgment is entered for the plaintiff.
WILLIAM J. McGRATH, JUDGE