[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE # 153 AND # 158
The plaintiffs, a group of residents from the town of New Milford, instituted this action against the defendants, Margaret CT Page 4819 Koehler as executrix of the estate of Warren Koehler, and the Town of New Milford.[1] A detailed recitation of the facts is not necessary since this case has been before the court on a number of occasions. The plaintiffs basically allege that the defendant Koehler's property is used as a shooting range where individuals shoot target practice with various caliber weapons and live ammunition. The plaintiffs originally named Warren Koehler as a defendant, but he died subsequent to the commencement of the action and his wife, as executrix of his estate, was substituted as a defendant.
Presently before the court are two motions to strike: (1) the defendant Koehler's motion to strike the fifth count of the amended complaint, and the prayers for relief to the first, third, fourth, and sixth counts; and, (2) the plaintiffs' motion to strike the defendant Koehler's amended special defenses to the first and sixth counts, and the special defenses to the second and third counts.
The purpose of a motion to strike, like that which the demurrer served, is to test the legal sufficiency of a pleading.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "[A]ll facts well pleaded and those necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham,182 Conn. 80, 82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v.Groton, supra, 212 Conn. 142.
I. THE DEFENDANT KOEHLER'S MOTION TO STRIKE
The defendant Koehler moves to strike the fifth count of the complaint, which alleges negligent infliction of emotional distress, on the grounds that this cause of action did not survive the death of the defendant's decedent, Warren Koehler. The defendant argues that without the presence of the decedent, the necessary elements to this cause of action cannot be proven. Additionally, the defendant contends that it is too conjectural and uncertain for the court to consider this cause of action in these circumstances. She also argues that since General Statutes Sec.52-599(c)(2) provides that a cause of action will not survive where the defense depends upon the continued existence of the defendant, this action does not survive the death of Warren Koehler. CT Page 4820
The plaintiffs argue that they have sufficiently pleaded a cause of action for negligent infliction for emotional distress, and that the purpose of a motion to strike is not to determine whether the elements of the cause of action exist. Furthermore, they contend that under Sec. 52-599 the cause of action alleged in the fifth count of the amended complaint survives the death of the defendant's decedent.
"At common law all causes of action by or against a person terminated and abated upon such person's death. Survival of causes of action arises only through the medium of so-called survival statutes." (Citations and internal quotation marks omitted.)Hayes v. Smith, 194 Conn. 52, 61, 480 A.2d 425 (1984). General Statutes Sec. 52-599 provides that "[a] cause of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." Subsection (c) of this statute further provides that this rule will not apply ". . . (2) to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants." Id.
The fifth count of the amended complaint alleges negligent infliction of emotional distress. To recover under this theory, the plaintiff has the burden of pleading and proving that the defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm. Buckman v. People Express, Inc., 205 Conn. 166, 173,530 A.2d 596 (1987); Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1980). To meet their burden, the plaintiffs are not required to prove what the defendant actually knew, but, instead, they need only prove what the defendant "should have known." This determination, therefore, does not depend upon the presence of the decedent.
In addition, the defense of this cause of action does not depend upon the continued existence of the defendant, as it would in a paternity suit. See Hayes v. Smith, supra, 194 Conn. 63-64 (defendant's presence necessary to defend a paternity suit); see also CHRO v. Greenwich Catholic Elementary School System, Inc.,202 Conn. 609, 614, 522 A.2d 785 (1987) (decedent's complaint before CHRO may be pursued by her estate). As to any evidentiary issues, the decedent's declarations relevant to the matter in issue may be admissible pursuant to General Statutes Sec. 52-172. Furthermore, CT Page 4821 other courts that have addressed this issue have held that actions seeking damages for emotional distress survive the death of one of the parties. See Harrison v. Loyal Protective Life Insurance Co.,396 N.E.2d 987, 991 (1979) (holding that a cause of action for intentional infliction of emotional distress survives the death of both the victim and the tortfeasor). A cause of action for negligent infliction of emotional distress survives the death of the alleged tortfeasor, and, therefore, the motion to strike the fifth count of the amended complaint is denied.
The defendant Koehler also moves to strike the prayers for relief to the first, third, fourth, and sixth counts of the amended complaint that seek injunctive relief, and the prayers for relief to the first and sixth counts which seek punitive damages. The defendant, however, has filed answers to these counts of the amended complaint and thereby waived the right to file a motion to strike addressed to these counts. Practice Book Sec. 113. Therefore, the defendant's motion to strike the prayers for relief is also denied.
II. THE PLAINTIFFS' MOTION TO STRIKE
The plaintiffs move to strike the amended special defenses to counts one and six, and the special defenses to counts two and three. More precisely, the plaintiffs move to strike the defense of laches, which is alleged as a special defense to the first, second and sixth counts. The plaintiffs claim that the defendant has failed to allege sufficient facts to support such a defense. They also move to strike the special defense to the third count which alleges that the use of the property was deemed a pre-existing non-conforming use by the Zoning Board of Appeals and therefore is not an unlawful use. The plaintiff claims that this defense is legally insufficient because the legality of the activity is not at issue in a count alleging liability for an inherently dangerous activity.
A motion to strike shall separately set forth each claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency. Practice Book Sec. 154. The requirement that a motion to strike be accompanied by a memorandum of law; Practice Book Sec. 155; does not dispense with the requirements of Section 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. Blancato v.Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987). In the present action, the plaintiffs state in their motion that they move to CT Page 4822 strike for the reasons set forth in their memorandum of law, but the motion itself does not specify the grounds for the claimed pleading deficiencies.
"A trial court, when ruling on a motion to strike may consider only those grounds specifically enumerated in the motion and no others." Connecticut National Bank v. Machnik,11 Conn. L. Rptr. 58,9 CSCR 295 (1994) (Hurley, J.), citing Blancato v. Feldspar,
supra, 203 Conn. 44. When the motion fails to specify the distinct reasons for the claimed insufficiency of the pleadings in its motion, the motion is "fatally defective" under Practice Book Sec. 154, notwithstanding the inclusion of such reasons in its supporting memorandum. Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991). The court, however, may consider a motion that fails to specify the reason for the deficiency when no objection has been raised to the form of the motion. Rosen v.Reale, 9 CSCR 176 (1994) (Hurley, J.); Pointer v. DiBona,6 Conn. L. Rptr. 422, 7 CSCR 707 (1992) (Austin, J.). Since the defendant has neither filed an memorandum in opposition nor objected to the form of the plaintiffs' motion, the court will consider the grounds stated in the plaintiff's memorandum of law.
The defendant alleges as a special defense to the first, second and sixth counts that she and the decedent resided in New Milford since 1950, and that the defendant's decedent maintained a private firing range on this property since at least 1956. The special defense alleges that the plaintiffs, Andrew and Mary Lou Hornack, have resided near the defendant's property since November 1982, and prior to 1992, never raised any issue regarding the use of the firing range, although it had been used as such prior to the time they purchased their property. The defendant also alleges that the plaintiffs should have been aware of the existence of this use when they purchased their property in November 1982, and that by permitting the "negligent activity" to remain for a number of years before bringing this action, they are estopped from pursuing their claim by virtue of the doctrine of laches.
When alleging the defense of laches, "`[t]he burden of proof is on the party alleging laches to establish that defense.'"Coscina v. Coscina, 24 Conn. App. 190, 194, 587 A.2d 159 (1991), quoting Cummings v. Tripp, 204 Conn. 67, 88, 527 A.2d 230 (1987).
 Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the CT Page 4823 defendant. . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the defendant . . . as where, for example, the defendant is led to change his position with respect to the matter in question.
(Citations omitted.) Emerick v. Emerick, 28 Conn. App. 794, 803-04,613 A.2d 1351 (1992).
Construing the allegations in a light most favorable to the defendant, the special defenses do not sufficiently allege the defense of laches. While an inexcusable delay may be construed from these allegations, the defendant has failed to allege facts in these special defenses showing how the delay was prejudicial to the decedent or the estate. The second element of laches cannot be implied from the facts alleged, and, therefore, these special defenses are legally insufficient. The plaintiffs' motion to strike the special defenses to the first, second and sixth counts alleging laches is granted.
The plaintiff also moves to strike a special defense to the third count of the complaint alleging that the activity on the property was both reasonable and lawful. The plaintiffs argue that such a defense is not legally sufficient to the third count because that count alleges liability for an inherently dangerous activity, and that the legality of the activity is not an issue in determining liability under this theory. Therefore, the plaintiffs claim that this special defense does not plead facts to support a defense that the activity engaged on the property is not ultrahazardous.
To recover under a theory of strict liability for engaging in an ultrahazardous activity, a plaintiff is only required to show that the defendant engaging in an ultrahazardous activity caused the plaintiff's loss. Green v. Ensign-Bickford Co., 25 Conn. App. 479,482, 595 A.2d 383 (1991). In determining whether an activity is ultrahazardous or abnormally dangerous, the court should consider the following factors: "(a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) in appropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous activities." Id., 486. CT Page 4824
The defendant's special defense to third count alleges that the use of the premises has been both reasonable and legal. In support of this defense, the defendant alleges that the firing range has been maintained since at least 1956, and that despite residing near the plaintiff's property since 1982, the plaintiffs Andrew and Mary Lou Hornack did not raise any issue regarding the firing range with the defendant or the defendant's decedent until 1992. In that year, the Hornacks filed a complaint concerning the range with New Milford Zoning Enforcement Officer, who issued a cease and desist order. The enforcement officer later lifted this order on the basis that the firing range constituted a pre-existing non-conforming use on the property. The Zoning Board of Appeals later upheld the enforcement officer's decision to lift the cease and desist order for the same reasons.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint, but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). The special defense alleged in the third count is not legally sufficient because it does not plead facts that make such a showing. The facts raised in this special defense may be relevant to the factors used by the court in determining whether the activity was abnormally dangerous, and, thus, whether the plaintiffs may establish a prima facie case. These facts, however, are not a legally sufficient special defense, since if the plaintiffs prove an ultrahazardous activity, the reasonableness or legality of the defendant's acts will not defeat recovery under a theory of strict liability. Therefore, the motion to strike the special defense to the third count is granted.
III. CONCLUSION
In conclusion, the defendant Koehler's motion to strike the fifth count of the amended complaint is denied. The defendant's motion to strike the prayers for relief to the first, third, fourth sixth counts is also denied. The plaintiffs' motion to strike the special defenses to the first, second and sixth counts alleging laches is granted, and the plaintiffs' motion to strike the special defense to the third count is also granted.
PICKETT, J.