[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David D'Addario, as executor of the estate of F. Francis D'Addario, has filed a three count revised complaint against the defendants, Lucien T. Truskoski, Ernest F. Duhaime, Barbara K. Brown, Karen Park, David Duhaime, Martha DiVencenzo, Martin R. McMahon, John V. McMahon, Julia Nixon, Richard Duhaime, John T. Duhaime, Fayne A. Hildenbrand and Fleet Bank N.A. In CT Page 7642 count one, the plaintiff alleges that he is the owner of two abutting parcels of land, and that the deed which conveyed the first parcel includes an easement to provide access between the parcel and Hollow Tree Ridge Road in Darien. The plaintiff now seeks a declaratory judgment that the easement may be used for passage to and from both parcels of land.
In the second count, the plaintiff alleges that an easement by necessity or implication exists because the second parcel of land is only accessible across the first parcel and the easement to Hollow Tree Ridge Road, and seeks a declaratory judgment to this effect. In count three the plaintiff alleges the existence of an easement by prescription.
The defendants have filed a motion (#123) to strike counts one and two of the plaintiff's complaint and the portion of the prayer for relief seeking a declaratory judgment.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 215.
The defendants argue that an easement by grant, conveyed with particular piece of property, cannot be construed to create an easement for the benefit of adjoining land that is not part of the deed which conveyed the easement. The plaintiff maintains that the easement may be used for purposes of adjoining land so long as it is not overburdened or misused.
In Carbone v. Vighotti, 222 Conn. 216, 225, 610 A.2d 565
CT Page 7643 (1992), the court stated that "[t]he doctrine that [a]n easement cannot be made to attach to other land which the owner of a dominant estate may subsequently acquire . . . . was intended to protect the servient estate from the use of an easement in a manner or to an extent not within the reasonable expectations of the parties at the time of its creation." (Citations omitted; internal quotation marks omitted.) Under the facts in Carbone,
the court determined that the addition of land to the dominant estate did not change "either the character or the extent of the proposed use of the easement . . . ." Id. Accordingly, the court concluded that "when no significant change has occurred in the use of the easement from that contemplated when it was created . . . the mere addition of other land to the dominant estate does not constitute an overburden or misuse of the easement." Id.
The defendants cite Lichteig v. Churinetz, 9 Conn. App. 406,519 A.2d 99 (1986), in support of their contention that, as a matter of law, the addition of a lot to a dominant estate cannot lie within the reasonable expectation of the parties. However, the court in Carbone distinguished Lichteig in that, under the facts of that case, "there had been a material increase in vehicular traffic on the easement . . . ." Carbone v. Vighotti,
supra, 222 Conn. 225.
The court's ruling in Carbone demonstrates that an easement may run to the benefit of additional land attached to the dominant estate if there is no significant change in the use of the easement. The defendant's argument regarding the reasonable expectations of the parties relates to the merits of the action, not to the legal sufficiency of the allegations. Therefore, the defendants' motion to strike count one is denied.
The defendants argue that the second count, claiming an easement by implication or necessity, is insufficient because it fails to allege unity of ownership, or facts showing necessity. The plaintiff argues that the existence of an easement by implication or necessity is a question of fact, and while there is typically unity of ownership, it is not always necessary.
"An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of a conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the CT Page 7644 property. . . . In absence of common ownership . . . however, an easement by implication may arise based on the actions of adjoining property owners. . . . There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties, and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." (Citations omitted.) Kenny v. Dwyer,16 Conn. App. 58, 64, 546 A.2d 937, cert. denied, 209 Conn. 815,550 A.2d 1084 (1988).
The plaintiff has sufficiently alleged facts that may show the existence of an easement by implication. The defendants' arguments regarding the second count pertain to the insufficiency of the plaintiff's allegations in supporting an easement by necessity. In the second count, however, the plaintiff alleges the existence of both an easement by necessity and by implication. Where two causes of action are stated in a single count, both will survive a motion to strike even though one might not state a cause of action if it was separately pleaded.Associated Construction Co. v. Milford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 025081 (January 24, 1991, Fuller, J.). Because the plaintiff has sufficiently alleged the existence of an implied easement in count two, it is not necessary to determine whether the allegations are sufficient to support an easement by necessity. Accordingly, the defendants' motion to strike count two is denied.
The defendants also move to strike the portion of the prayer for relief seeking a declaratory judgment on the ground that a quiet title action would afford a more appropriate remedy. "Practice Book § 390(c) allows the trial court wide discretion to render a declaratory judgment unless another form of action affords a speedy remedy as effective, convenient, appropriate and complete." (Internal quotation marks omitted.)Coscina v. Coscina, 24 Conn. App. 190, 192, 587 A.2d 159 (1991). Furthermore, "[a] successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed." (Internal quotation marks omitted.) Aetna Casualty Surety Co.v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991).
The court should grant a motion to strike a prayer for relief if the relief sought does not correspond to the allegations of the complaint. Mayer Whitman Joint Ventures v. GuntherCT Page 7645International, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 134790 (October 21, 1994, Lewis, J.), citing Van Epps v. Redfield, 68 Conn. 39, 45,35 A. 809 (1896). Counts one and two seeking a declaratory judgment are legally sufficient, and therefore the prayer for relief seeking a declaratory judgment corresponds to the allegations of the complaint. The defendants' motion to strike based upon an alternative form of redress should be more properly addressed to the cause of action itself rather than to the prayer for relief. Nevertheless, the defendants have not shown that an action for quiet title would afford a "speedy remedy as effective, convenient, appropriate and complete" as a declaratory judgment. Coscina v. Coscina, supra, 24 Conn. App. 192. Accordingly, the defendants' motion to strike the prayer for relief seeking declaratory judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of July, 1995.
William B. Lewis, Judge