[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This matter comes before the court as a result of a motion to strike the fifth count of plaintiffs' fourth amended complaint. The facts are as follows. On January 19, 1993, the plaintiffs, Carmen Vasquez, Roberto Rivera and Maximina Gonzalez, filed a six count fourth amended complaint against the defendants, Jose O. Reveron, Blanco A. Adorno Reveron, Antonio C. Robaina and Antonio Robaina.
In the fourth amended complaint the plaintiffs allege the following facts: sometime in July of 1991, the defendants, Jose O. Reveron and Blanco A. Adorno Reveron (hereinafter "the Reverons"), offered to sell their property at 826a-828 Congress Avenue, New Haven, Connecticut, to the plaintiffs for $10,000 and assumption of the existing mortgage. The plaintiffs accepted this offer by paying the Reverons $10,000 in cash. Thereafter, in November of 1992, the plaintiffs learned that pursuant to the terms of the original mortgage, the mortgage acquired by the Reverons was not assumable and the property could not be legally transferred in the CT Page 5443 manner in which the parties agreed. The plaintiffs then brought suit against the Reverons alleging that the Reverons falsely and fraudulently represented to the plaintiffs that the property was free from all encumbrances and restrictions and that the mortgage was assumable. The plaintiffs further allege that in reliance on those false and fraudulent representations, they purchased the property and made numerous home improvements, causing them to sustain substantial financial loss and severe emotional distress.
The fifth count of the fourth amended complaint is directed to the defendant, Attorney Antonio C. Robaina (hereinafter "Robaina"). The plaintiffs allege in the fifth count that they engaged Robaina and met with him on three occasions, during which he made oral representations relating to the purchase of the aforementioned property. The plaintiffs further allege that Robaina breached his duty to exercise reasonable care, skill and diligence by failing to inform them of the numerous restrictions, covenants and conditions on the subject property and that they could not assume the existing mortgage. The plaintiffs finally allege that Robaina's knowingly false and fraudulent representations that the transaction was legal and was a violation of CUTPA, General Statutes 41-110b, et seq.
On January 29, 1993, Robaina filed a motion to strike the fifth count of the fourth amended complaint and the related demand for punitive damages and attorney's fees, on the ground that it fails to state a claim for which relief can be granted "as the facts alleged still do not constitute a legally recognized claim under the Connecticut Unfair Trade Practices Act, General Statutes42-110a, et seq." Robaina also filed a memorandum of law in support of the motion to strike.
On February 2, 1993, the plaintiffs filed a memorandum of law in opposition to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). The motion to strike admits all facts well pleaded but does not admit legal conclusions. Id. When ruling upon a motion to strike the court is limited to the facts alleged in the complaint; King v. Board of Education, 195 Conn. 90, 93, 486 a.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990), quoting Fraser v. Henninger,173 Conn. 52, 60, 376 A.2d 406 (1977). The test courts use is to "take the facts alleged in the complaint and construe them in a manner CT Page 5444 [that is] most favorable to the pleader." Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137, 140, 492 A.2d 548, rev'd on other grounds, 203 Conn. 45, 523 A.2d 477 (1987). If the complaint alleges legal conclusions unsupported by facts, the motion to strike should be granted. Mora v. Aetna Life and Casualty Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Robaina argues in his memorandum of law that: (1) the plaintiffs fail to prove any factual support for the claim that his actions constituted a CUTPA violation; (2) the plaintiffs only allege a single deceptive and/or unfair transaction; and (3) if the court grants the motion to strike the fifth count, the plaintiffs' claims for attorney's fees and punitive damages should also fail.
The plaintiffs argue in their memorandum in opposition to the motion that: (1) Robaina's conduct both offends public police and is immoral, unethical, oppressive or unscrupulous; (2) this transaction is actually three separate acts concerning three separate individuals; and (3) since punitive damages are awarded when the evidence shows a reckless indifference to the rights of others, their claim for attorney's fees and punitive damages should survive.
General Statutes 42-110(a) and 42-110(a)(4) state the following respectively:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
 "Trade" and "commerce" means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value in this state.
"CUTPA is textually inconclusive on the question of whether the practice of law is included within the conduct of trade or commerce." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 517, 461 A.2d 938 (1983). Nevertheless, since "the conduct of any trade or commerce" does not exclude all conduct of the profession of law, the Connecticut Supreme Court has held that CUTPA does apply to the conduct of attorneys. Id., 520-21. CT Page 5445
Although attorneys may be potentially liable for CUTPA violations, that "does not mean that every claimant who alleges attorney misconduct states a cause of action under the act. . . ." Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 527,532, 461 A.2d 1369 (1983). In order to prevail, the plaintiff must still allege and prove "that the person being sued must have engaged in unfair or deceptive acts or practices." Id. 536.
Thus, the question of whether an attorney has engaged in unfair or deceptive acts or practices requires the application of the "Cigarette Rule". Noble v. Marshall, 23 Conn. App. 227, 230,579 A.2d 594 (1990). The test is (1) whether the practice offends public policy, as it has been established by statute, common law or otherwise; (2) whether the practice is immoral, unethical, oppressive or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors or other businessmen. Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 105-06,612 A.2d 1130 (1992).
In the present case the plaintiffs have alleged that Robaina "had a duty to represent the Plaintiffs with the reasonable care, skill, and diligence possessed and exercised by the ordinary attorney in similar circumstances." (Emphasis added.) (Plaintiffs' fourth amended complaint, fifth count, para. 12). The plaintiffs further allege that Robaina's conduct in handling the sale of the property in issue "was a breach of [his] duty to exercise reasonable care, skill and diligence on Plaintiffs' behalf." (Emphasis added.) (Id., para 13). The Connecticut Supreme Court has held that the first prong of the "Cigarette Rule", by itself, is insufficient to support a CUTPA violation, especially when the underlying claim is grounded solely in negligence. A-G Foods., Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,217, 579 A.2d 69 (1990), quoting American Financial Services v. F.T.C., 767 F.2d 957 (D.C. Cir. 1985), cert. denied, 475 U.S. 1011,106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). Here, the plaintiffs do not allege that Robaina's practices offend public policy as established by statute, common law or otherwise. Based on the reasoning of the court in A-G Foods, Inc. v. Pepperidge Farm, Inc., supra, this claim is insufficient to support a CUTPA violation. The plaintiffs have failed to allege sufficient facts to satisfy the first prong of the "Cigarette Rule".
Furthermore, the plaintiffs failed to allege that the defendant committed an immoral, unethical, oppressive or CT Page 5446 unscrupulous act. Therefore, the plaintiffs have failed to satisfy the second prong of the "Cigarette Rule". Although the plaintiffs do allege that they have been substantially injured by Robaina's breach, the primary allegation in the fifth count of the plaintiffs' fourth amended complaint is that the plaintiffs were injured by Robaina's negligence in the purchase of the Congress Avenue property. The plaintiffs have failed to allege "practices" which have cause substantial injury to them as consumers.
A further ground for striking the fifth count of the fourth; amended complaint is that the plaintiffs allege nothing more than a single transaction: the purchase of the property at 826-828 Congress Avenue, New Haven, Connecticut. Although there is a split of authority on the issue of whether an isolated act constitutes a general business practice, there is authority for the proposition that a single act is not sufficient to avoid a motion to strike. See Mead v. Burns, 199 Conn. 651, 660, 61, 509 A.2d 11 (1986); Duncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.). But see Sambuco v. Aetna Casualty Surety Co.,4 Conn. L. Rptr. 74 (May 14, 1991, Karazin, J.); Metpath, Inc. v. IDS Corporation, 3 Conn. L. Rptr. 349 (March 12, 1991, Aronson, J.).
Taking the facts of the complaint and construing them in a manner that is most favorable to the plaintiffs, they have nevertheless failed to allege sufficient facts to support a CUTPA claim.
Since the fifth count of the fourth amended complaint fails to state a claim for which relief can be granted under CUTPA, the motion to strike is granted. Furthermore, since the plaintiffs have not alleged a sufficient CUTPA claim, there remain no allegations upon which the plaintiffs could recover attorney's fees and punitive damages. Thus, the motion to strike the claim for relief for attorney's fees and punitive damages is also granted.
The Court Curran, J.