[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE DATED DECEMBER 7, 1994
This is an action against lawyers for legal malpractice. In the first two counts of the revised complaint dated October 14, 1994 plaintiffs allege negligence. In the third and fourth counts they allege breach of contract. In the fifth and sixth counts they allege violations of CUTPA. Defendants have moved to strike the breach of contract counts and violation of CUTPA counts.
The court finds that the breach of contract claims should be stricken. Plaintiffs have merely alleged failure by defendants to exercise the requisite standard of care. CT Page 1200 The complaint is barren of any allegation that defendants breached any contractual agreement. Barnes v. Schlein,192 Conn. 732 (1984); Claar v. Shasha, CV-92-449425 (Judicial District of Windham (Sept. 16. 1994); Malone et al. v.David M. Caldwell, Jr., M.D., et al., CV-91-039136S (Judicial District of Hartford/New Britain at Hartford);LaBieniec v. Nichols, 4 CSCR 383, 384 (Aronson, J. April 19, 1989).
The court also finds that the CUTPA claims should be stricken. Essentially plaintiffs have alleged that the defendants were negligent. In order to be entitled to a CUTPA claim, plaintiffs must assert an unfair and deceptive practice, not simply negligence in the performance of legal duties. Ivey, Barnum O'Mara v. Indian Harbor Properties,Inc., 190 Conn. 528 (1983); Vazquez v. Reveron, 8 CSCR 673
(1993).
The motion to strike counts 3, 4, 5 and 6 is granted.
Frances Allen State Judge Referee