[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS 1, 3, 4, 6
This is a legal malpractice case. The defendants have moved to strike several counts of the complaint dated August 26, 1992, as revised on September 21, 1994, and December 5, 1994.
It is claimed that in 1987 plaintiff Sam Sobol contracted defendants for legal services relating to purchase of property known as One Atlantic Street in the City of Stamford, that he relied on the advice of the defendants and purchased the property for $25,800,000. It is further alleged that defendants agreed to provide legal services to the plaintiffs in regard to forming a Limited Partnership, and that, relying on the advice of said defendants, plaintiffs Ruth Sobol, Sam Sobol, Ephraim Sobol and Rena Ackerman formed a Limited Partnership. It is further claimed that on or about July 20, 1987 plaintiff Sam Sobol transferred his interest in One Atlantic Street to the Limited Partnership.
Plaintiffs claim that they would not have formed or acquired interest in the Limited Partnership and arranged for the transfer of One Atlantic Street to the Limited Partnership without the express recommendation of defendants. They claim that defendants had a duty to disclose all material facts relevant to their representation of Sam Sobol and failed to make such disclosure. Specifically, they claim that defendants failed to disclose a relationship with the broker, John E. Hayes, and that they had received payment from him CT Page 1963 following the closing on the sale of One Atlantic Street. They claim to have been injured by this failure to disclose.
Defendants seek to strike the First Count which alleges a breach of contract. The court agrees that it should be stricken. The allegations of the first count (Breach of Contract) and the Second Count (Legal Malpractice) are identical. The gravamen of the allegations of these two counts is that defendants breached their duty to the plaintiffs. There is no allegation of an express contract.Barnes v. Schlein, 192 Conn. 734 (1984); DiMaggio v. Makover,13 Conn. App. 321; Schuster v. Buckley, 5 Conn. App. 473.
Defendants have moved to strike the Third Count of the complaint which alleges breach of a fiduciary duty by failing to disclose actual and potential conflicts of interest. Specifically, plaintiffs claim that defendants failed to disclose their relationship to the broker in the purchase of One Atlantic Street. The non-disclosure of facts alleged in paragraphs 1-33 of the complaint can well be held to have constituted a breach of a fiduciary duty which stands separate and apart from the purely negligent representation. "Because the danger of a conflict of interest is inherent in any multiple representation, an attorney must disclose more than the fact that he is undertaking to represent more than one client." Acheson v. White, 195 Conn. 211, 214-215. The court holds that the plaintiffs have stated a cause of action for breach of a fiduciary duty.
Defendants have moved to strike the Fourth Count which alleges fraud. The court finds that plaintiffs have alleged a cause of action by stating that defendants knowingly made misrepresentations which were intended to induce plaintiffs' reliance and action. J. Frederick Scholes Agency v. Mitchell,191 Conn. 353, 358; Miller v. Appleby, 183 Conn. 51, 54.
Defendants have moved to strike the Sixth Count which alleges a violation of CUTPA. For two reasons the court does not believe that the facts as alleged give rise to a CUTPA violation.
First: The sole transaction involved herein is the purchase of one piece of real property wherein the plaintiffs claim that the defendants failed to disclose a possible conflict of interest. In order for a claim to constitute a CT Page 1964 CUTPA violation, the allegations must satisfy the "cigarette rule" set forth in FTC v. Sperry Hutchinson Co., 405 U.S. 233,92 S.Ct. 898, 31 L.Ed.2d 170 (1972). Under that standard the court should consider the following to determine whether a practice is unfair:
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; whether it causes substantial injury to consumers . . ."
The court does not believe this legal malpractice case which is (for the most part) grounded in negligence satisfies the cigarette rule. A.G. Foods, Inc. v. Pepperidge Farms, Inc.,216 Conn. 200; Vasquez v. Reverson, 8 CSCR 673 (1993).
Second: The claim as revised amounts to the allegation that defendants breached Rule 1.8 and 1.9 of the Rules of Professional Conduct relating to conflicts of interest. Rule 1.8 prohibits attorneys from ". . . knowingly acquiring a . . . pecuniary interest adverse to a client," with certain exceptions. Rule 1.9 prohibits an attorney from representing another person in the same or substantially related matter with interests adverse to those of a former client. While the Rules adopted by the Superior Court have the force of law, they were not intended to create a private cause of action under CUTPA. Noble v. Marshall, 23 Conn. App. 227, 231.
The Motion to Strike Counts 1 and 6 is granted.
The Motion to Strike Counts 3 and 4 is denied.
Frances Allen State Judge Referee CT Page 1965