PROGRESSIVE CASUALTY INSURANCE COMPANY *v.*
MARION LAWRENCE DiGANGI, ADMINISTRATRIX
(ESTATE OF JAMES LAWRENCE) ET AL.
(3129)

HULL, SPALLONE and DALY, Js.

Argued March 13—decision released May 21, 1985

---

*Jon S. Berk,* with whom, on the brief, was *Thomas P. Barrett,* for the appellant (plaintiff).

*Thomas B. Wilson,* for the appellee (named defendant).

SPALLONE, J. The plaintiff, Progressive Casualty Insurance Company (Progressive), insured the decedent, James Lawrence, under a motorcycle insurance policy which provided uninsured motorist coverage. Progressive brought this action for a declaratory judgment as to whether, inter alia, its policy with the decedent provided underinsurance coverage. The defendant Marion Lawrence DiGangi, administratrix of the decedent's estate, moved to dismiss the action for lack of subject matter jurisdiction on the basis that the issues raised must be resolved by arbitration pursuant to General Statutes § 38-175c.[1] The trial court granted the motion, and Progressive appeals from the judgment rendered upon the dismissal. We find no error, but on a ground different from that used by the trial court. See *Neri* v. *Powers,* 3 Conn. App. 531, 490 A.2d 528 (1985).

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981)." *England* v. *Coventry,*

---

[1] General Statutes § 38-175c (a) (1) provides in pertinent part: "Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding."

183 Conn. 362, 364, 439 A.2d 372 (1981). A court does not truly lack subject matter jurisdiction if it is competent to entertain the action before it. *Robinson* v. *ITT Continental Baking Co.,* 2 Conn. App. 308, 311, 478 A.2d 265 (1984).

When all parties having an interest in the subject matter of the complaint are parties or have been given reasonable notice of an action pursuant to General Statutes § 52-29,[2] the Superior Court has subject matter jurisdiction to declare legal rights "whether or not further relief is or could be claimed." *England* v. *Coventry,* supra. Subject matter jurisdiction over actions for declaratory judgment exists despite the availability or adequacy of other legal remedies. Id.; *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 359–60, 377 A.2d 1099 (1977). We therefore conclude that the trial court erred in dismissing this action for lack of subject matter jurisdiction.

Our further review of this case, however, reveals that the court was nonetheless correct in declining to entertain this action. The motion to dismiss filed by DiGangi was used to perform, in effect, the function of a motion to strike. Such a motion is the proper vehicle by which to question whether a court, despite its jurisdiction over the subject matter, can properly grant declaratory relief. *England* v. *Coventry,* supra; *Connecticut Life & Health Guaranty Assn.* v. *Jackson,* supra, 360. The record does not indicate that the impropriety of the use of a motion to dismiss in this manner was ever raised in the trial court. It was not made here. We shall therefore consider the case "as it was presented by the parties, overlooking the foregoing procedural short-

---

[2] General Statutes § 52-29 provides: "(a) The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment.

"(b) The judges of the superior court may make such orders and rules as they may deem necessary or advisable to carry into effect the provisions of this section."

comings and treating the motion to dismiss as sustainable under the same test as would have been applicable" if it had been a motion to strike. *Glens Falls Ins. Co. v. Somers,* 146 Conn. 708, 713, 156 A.2d 146 (1959).

"Section 390 (c)[3] of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* [133 Conn. 403, 410, 51 A.2d 907 (1947)]. See *Aaron* v. *Conservation Commission,* 178 Conn. 173, 179, 422 A.2d 290 (1979). Therefore a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 410–11." (Footnote added.) *England* v. *Coventry,* supra, 365.

In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980); *Sheiman* v. *Lafayette Bank & Trust Co.,* 4 Conn. App. 39, 42, 492 A.2d 219 (1985). If facts could necessarily be implied and fairly proved under the allega-

---

[3] Practice Book § 390 provides: 'The court will not render declaratory judgments upon the complaint of any person:

"(a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or

"(b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or

"(c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or

"(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

tions which would support a cause of action or a defense, the motion to strike must fail. See *Schmidt v. Yardney Electric Corporation*, 4 Conn. App. 69, 492 A.2d 512 (1985).

The complaint in this case alleges that Progressive maintained a policy of motorcycle insurance which provided the decedent with $20,000 in uninsured motorist coverage; that its policy with the decedent did not provide underinsured motorist benefits; that the defendant The Criterion Insurance Company (Criterion) maintained a policy of automobile insurance with the decedent which provided $20,000 in underinsured coverage; and that on April 11, 1980, the decedent was killed, while riding his motorcycle, in an accident with Thomas Yorz. It further alleges that Yorz was covered by a liablility policy with a $20,000 limit; that Yorz's insurer paid the decedent's estate $20,000; and that the decedent's estate submitted claims for underinsured motorist benefits with both Progressive and Criterion. By way of relief, Progressive seeks a declaratory judgment determining, first, whether under its policy the decedent's estate is entitled to underinsured motorist benefits and, second, in the event that the estate is entitled to such benefits, whether its policy or Criterion's is primary.

Pursuant to General Statutes § 38-175c, automobile insurance policies issued on or after October 1, 1971, which contain a provision for binding arbitration, must provide that the final determination of insurance coverage will be by arbitration. The intent of that statute "is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration." *Oliva v. Aetna Casualty & Surety Co.*, 181 Conn. 37, 42, 434 A.2d 304 (1980); *American Motorists Ins. Co. v. Brookman*, 1

Conn. App. 219, 220 n.3, 470 A.2d 253, cert. denied, 193 Conn. 801, 473 A.2d 1226 (1984). Progressive's policy, which insured the decedent as of April 11, 1980, contained a binding arbitration provision. Therefore, if the issues Progressive seeks to resolve involve coverage under that policy, then those issues must be arbitrated.

The first question which Progressive has raised for determination, whether underinsured motorist benefits are afforded under its policy with the decedent, is clearly one of coverage. Its second question hinges upon the resolution of the first. Both questions are integrally related to insurance coverage and no facts have been alleged in the complaint which set forth any reason which would support the determination of those questions by declaratory judgment rather than by arbitration. See *Hartford Accident & Indemnity Co.* v. *Williamson,* 153 Conn. 345, 350, 216 A.2d 635 (1966). In view of the clear mandate of General Statutes § 38-175c, we find that the trial court properly refused, in the reasonable exercise of its discretion, to entertain this action.

"[S]ince the plaintiff did not complain of the manner in which the challenge was raised and since both parties appear to have thoroughly understood the issues presented on appeal, we conclude no purpose would be served by returning the case to the Superior Court for further pleading." *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, 360; cf. *Baskin's Appeal from Probate,* 194 Conn. 635, 640–41, 484 A.2d 934 (1984).

There is no error.

In this opinion the other judges concurred.