[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Jack LeClaire, filed a one count complaint on February 15, 1990 against the Town of Vernon alleging that as a result of the defendant's negligence and carelessness in maintaining the Geographical Area 19 (G.A. 19) Courthouse in Rockville, he suffered personal injuries after sitting on a defective bench in the holding cell. In his complaint, the plaintiff alleged that the defendant "owned, possessed, controlled, managed and/or maintained" the premises CT Page 1414 at 55 West Main Street in Rockville and that the defendant leased the premises to the State of Connecticut, which used the premises to house the G.A. 19 courthouse facilities.
On April 9, 1990, the defendant filed a motion to dismiss the complaint for failure to comply with the notice provision of Conn. Gen. Stat. Section 7-465.
The motion was argued before this court on June 4, 1990.
The defendant alleges that the plaintiff's suit should be dismissed because the plaintiff failed to give the town notice of his intent to sue pursuant to Conn. Gen. Stat. Sec. 7-465. The plaintiff argues that Section 7-465 is inapplicable because his action against the town is not based on the negligence of an employee but is a direct action against the town for negligence in performing a proprietary function.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Conn. Practice Bk. Sec. 142 (rev'd to 1978, as updated October 1, 1989); see Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). The defendant makes no argument that the court lacks jurisdiction because of sovereign immunity, which is an appropriate basis for a motion to dismiss. Duquay v. Hopkins, 191 Conn. 222, 227 (1983); see also Barde v. Board v. Trustees, 207 Conn. 59 (1988). The defendant's assertion that the court lacks jurisdiction over this lawsuit because no notice was given to the town pursuant to Conn. Gen. Stat. Sec. 7-465 would have been more appropriately brought as a motion to strike for failure to state a claim upon which relief can be granted.
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. Sec. 152; see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). The defendant's contention that the plaintiff failed to allege notice as required by the statute challenges the legal sufficiency of the complaint rather than the power of the court to hear the case. However, the plaintiff has raised no questions regarding the procedural propriety of the defendant's motion. Therefore, the court may consider the case "as it was presented by the parties, overlooking the foregoing procedural shortcomings and treating the motion to dismiss as sustainable under the same test as would have been applicable" if it had been a motion to strike. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137, 139-40
(1984); see Glens Falls Ins. Co. v. Somers, 146 Conn. 708, 712-13
(1959).
In treating the defendant's motion to dismiss as a motion to strike, the motion admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142 (1989). The facts alleged in the complaint are viewed in the light most favorable to the plaintiff. Ferryman, CT Page 1415212 Conn. at 146.
Conn. Gen. Stat. Sec. 7-465, which is entitled, in relevant part, "Assumption of liability for damage caused by employees," provides, in part:
 No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.
Section 7-465 provides an indemnity to a municipal employee for the legal liability arising out of the tortious conduct of the employee. Ahern v. New Haven, 190 Conn. 77, 81-82 (1983). To sustain an action against the municipality under Section 7-465, there must be a judgment against the employee under certain prescribed conditions, and where applicable, proper statutory notice to the municipality. Ahern, 190 Conn. at 81; see Fraser v. Henninger, 173 Conn. 52, 56
(1977). The statute imposes no liability upon the municipality for breach of any statutory duty of its own. Thomas v. Commerford,28 Conn. Sup. 506, 508 (Super.Ct. 1970); see Ahern, 190 Conn. at 82. The municipality's liability is derivative. Ahern, 190 Conn. at 82. A complaint brought under Section 7-465 should be in two counts; one alleging facts essential to the legal liability of the employee, and the other facts essential to the legal liability of the municipality under this section. Thomas, 28 Conn. Sup. at 508; see Wu v. Fairfield,204 Conn. 435, 438 (1987) see also Sestito v. Groton, 178 Conn. 520,527 (1979). The filing of written notice in compliance with the statute is a condition precedent to the maintenance of a cause of action against the defendant town under Section 7-465. Borchetta v. Brown, 4 CSCR 723 (September 14, 1989, Cioffi, J.); see Fraser,173 Conn. at 55.
The plaintiff has not made a claim against any individual employees of the town, nor has he asserted anywhere in the complaint that this action was brought pursuant to Conn. Gen. Stat. Sec. 7-465. The complaint is a direct action against the town for negligence in maintaining the courthouse facilities which it leases to the state, not an indemnification claim for damages allegedly caused by the negligence of municipal employees. Since Section 7-465 is an indemnification statute which does not create a direct cause of action against the municipality and the municipality has no liability unless the municipal employee is liable, the plaintiff's complaint does not CT Page 1416 state a cause of action under that section.
The plaintiff's complaint does state a legally sufficient claim. The plaintiff alleges in his complaint that the defendant town owned the premises and leased the premises to the state to be used for courthouse facilities. Such a claim may be maintained against the town under Conn. Gen. Stat. Sec. 52-557n(a)(1)(B) which provides that a political subdivision of the state shall be liable for damages to person or property caused by "negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit." The leasing of the premises to the state could be of "pecuniary benefit" to the town and a direct action against the town for negligence in the performance of functions from which it derives pecuniary benefit requires no special statutory notice to the town of an intent to initiate a suit.
Viewing the facts alleged in the complaint most favorably to the plaintiff, the complaint states a legally sufficient claim to which the notice requirement of Section 7-465 is inapplicable. The defendant's motion to dismiss is denied.
POTTER, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 1424