[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (125)
This is an action for personal injuries against the operator of a motor vehicle, its owner and a corporation, together with its permittee, which it is alleged sold alcoholic beverages to the operator. The third count of the complaint, as amended, sets forth a claim against the corporate defendant and its permittee based upon allegations of willful, wanton and reckless conduct. Such defendants have moved to strike the third count claiming that it is insufficient in law.
A motion to strike is the means for contesting the sufficiency of a complaint. Conn. Practice Bk. 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It tests whether a court that already has subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137, 139 (1985). The motion to strike "admits all facts well pleaded;" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1986). The court takes as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo,202 Conn. at 208; and if provable factual allegations in the challenged pleading "would support a defense or cause of action, the . . . [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). CT Page 4799
The file indicates that on or about August 12, 1990, these defendants filed a request to revise seeking to have plaintiff set forth the facts upon which the claim of willful, wanton and reckless conduct was based. No objection was filed by plaintiff in response to the request, but on September 12, 1990 a pleading entitled "Compliance with Request to Revise" was filed.
Conn. Prac. Bk. 149 requires that a substitute pleading be filed in compliance with a request to revise. The pleading filed by plaintiff could not be considered a substitute third count. It appears to be more in the nature of a disclosure response.
The complaint must contain a concise statement of the facts constituting the cause of action. Conn. Prac. Bk. 151. When willful, wanton and reckless conduct forms the basis for a cause of action, the complaint should employ language explicit enough to clearly inform the court and opposing counsel what the facts supporting such claims are. Brock v. Waldron, 127 Conn. 79, 81
(1940).
The pleading now before the court, construed in the manner most favorable to the pleader, is insufficient in law and fails to set forth facts which would support a conclusion of willful, wanton and reckless conduct.
Accordingly, the motion to strike is granted.
PURTILL, JUDGE