[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (139)
In this action, plaintiff seeks to recover for personal injuries alleged to have been caused by a slip and fall on premises owned by defendant Wayne Eisenbaum, Executor, due to an accumulation of ice and snow. The Bristol Construction Company CT Page 1504 has been included as a defendant under a claim that such company had a contractual obligation to remove ice and snow and to provide general maintenance.
Defendant Eisenbaum has filed a cross-complaint against Bristol Construction Company seeking indemnification. Bristol has moved to strike the cross-complaint claiming that it does not state a claim upon which relief can he granted. For reasons hereinafter stated, the motion must be granted.
A motion to strike is the means for contesting the sufficiency of a pleading. Conn. Practice Bk. 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It tests whether a court that already has subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137, 139 (198). The motion to strike "admits all facts well pleaded" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1986). The court takes as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo,202 Conn. at 208; and if provable factual allegations in the challenged pleading "could support a defense or cause of action, the . . . [motion to strike] must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
As a general rule, there is no right of indemnification unless the claim falls within the parameters of certain exceptions recognized in the law. One such exception was spelled out in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,415 (1965). In this case, the cross-complainant seeks to fit her claim under the law of the Kaplan case.
Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Ferryman v. Groton;212 Conn. 138 (1989). In order to be entitled to indemnification from a joint tort feasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship. Atkenson v. Berloni, 23 Conn. App. 32, 328
(1990).
The cross-complaint alleges that Motts Supermarkets, Inc. contracted with Bristol Construction to perform snow and ice removal at the location of plaintiff's alleged fall. In argument, the cross-complainant states that he was a third party beneficiary of this contract,. There is nothing in the cross-complaint which would support this claim. CT Page 1505
A litigant should be allowed certain latitude to prove its case under the allegations of the pleadings. The complaint, however, must contain sufficient, allegations so as to advise the opposing party of its theory of action.
Here the cross-complaint fails to allege an independent legal relationship between Bristol Construction and Eisnbaum which would support a claim for indemnification.
Accordingly, the motion to strike is granted.
PURTILL, J.