[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in which the plaintiff insurance carrier provided Workers' Compensation insurance to the defendant employer and now seeks a declaratory judgment and other relief. Defendant has moved to strike the substitute complaint claiming that it fails to state a claim upon which relief can be granted.
The facts alleged in the complaint and which must be accepted as true and in the manner most favorable to plaintiff may be summarized as follows.
Plaintiff issued a workers compensation policy to defendant. On December 23, 1987, Joseph J. Trantolo, Jr., a member of defendant's firm was killed in a motor vehicle accident and on August 15, 1988 the deceased widow filed with the Workers' Compensation Commission for benefits in consequence of the death giving notice to defendant.
The policy in question required defendant to promptly give CT Page 9174 notice of all claims. Fifty-seven days elapsed before defendant forwarded notice of the claim to the insurance agent who promptly notified plaintiff.
Upon receipt of the notice, plaintiff filed written notice of disclaimer. This notice was not filed within twenty days of the receipt of notice of claim as required by Conn. Gen. Stat.31-297(b). On February 6, 1989 the. Workers' Compensation Commissioner issued a finding that the notice of intention to contest the claim was untimely filed and awarded benefits to the widow.
Plaintiff claims that defendant's failure to promptly forward the widow's claim was a substantial breach of its contract of insurance with plaintiff.
In its claim for relief, plaintiff seeks certain equitable relief including a judgment declaring that it has no duty to pay the compensation award, an injunction restraining defendant from enforcing the award and restitution for payments made.
Defendant has filed a general motion to strike relying primarily on Conn. Prac. Bk. 390(c). A motion to strike is the means for contesting the sufficiency of a pleading. Conn. Prac. Bk. 152; Mingochos v. CBS, Inc., 196 Conn. 51, 108 (1985). See also Progressive Casualty Ins. Co., v. DiGengi, 4 Conn. App. 137,139 (1985).
It is defendant's claim that the present action has been reduced to a breach of contract claim in which only money damages can be recovered. Defendant argues that for this reason the complaint should be stricken under 390(c) and plaintiff required to institute a new action.
Section 390(c) of the Prac. Bk. allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. England v. Coventry,183 Conn. 362, 365 (1981).
To grant the motion to strike would emphasize form over substance. Another new lawsuit would not afford the parties a speedy, effective or convenient resolution of their controversy.
Motion to Strike is denied.
Purtill, J.