[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 107 MOTION FOR SANCTIONS NO. 107.5
The defendant Keith Abramson seeks to strike the plaintiff, Robert E. Gordon's two count complaint.
"A motion to strike challenges the legal sufficiency of a CT Page 219 pleading." Mingachos v. C.B.S., Inc., 196 Conn. 91, 108 (1985). "In considering [a] ruling upon a motion to strike [courts] are limited to the facts alleged in the complaint[;]" King v. Board of Education of the Town of Watertown, 195 Conn. 90, 93 (1985). The test for deciding whether to grant a motion to strike is "whether, if the facts alleged are taken to be true, the allegations provide a cause of action . . ." County Federal Savings and Loan Ass'n. v. Eastern Association, 3 Conn. App. 582,585 (1985). When courts undertake this kind of analysis they "take the facts alleged in the complaint and construe them in a manner [that is] most favorable to the pleader. Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137,140 (1985). And if "the facts provable under that complaint would support a . . . cause of action," the motion to strike should be denied. Mingachos v. C.B.S., Inc., supra, 108-109.
In the first count the plaintiff alleges that he engaged the defendant, an attorney, to represent him in a pending action wherein the Southern New England Telephone Company was seeking payment from him personally for telephone services allegedly provided to a corporation known as Connecticut Computer Supplies, Inc.
The plaintiff further alleges that the defendant breached his contractual obligation to defend him by permitting a judgment to be taken against him in that pending suit.
Taking the facts plead by the plaintiff in a manner most favorable to the pleader (plaintiff), such allegations would be sufficient to set forth a cause of action for breach of contract. Accordingly, the motion to strike as to the first count is denied.
In the second count, wherein the plaintiff again alleges the lawyer-client relationship between the parties, he further alleges that the defendant, as his attorney, was negligent in permitting a judgment to be entered against him in the Southern New England Telephone Company case. As such, the plaintiff has alleged facts in the second count sufficient to set forth a cause of action sounding in negligence.
Therefore, the motion to strike as to the second count is also denied.
In view of the above rulings, the defendant's further CT Page 220 request for sanctions by way of an award for damages is likewise denied.
In summary, therefore, the defendant's motion to strike and his request for sanctions are hereby denied.
THE COURT
MAIOCCO, J.