[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
The plaintiff, Hurley Manufacturing Company ("Hurley") commenced this action against Bankers Life Casualty Company ("Bankers Life), and two other defendants by a five-count complaint dated March 5, 1993. The plaintiff alleges that its suit "is an action for a declaratory judgment pursuant to Connecticut General Statutes Section 52-29 for the purpose of determining issues in dispute between the parties." The complaint's first count sounds in negligence. In the second count the plaintiff alleges that the defendants violated the Connecticut Unfair Trade Practices Act (CUTPA). In the third and fourth counts, the plaintiff alleges that the defendants breached a duty of good faith and fair dealing and some unspecified contract. In the fifth count, the plaintiff charges that defendant Berson's negligence caused the plaintiff to suffer loss and damage. Finally, in its prayer for relief, the plaintiff seeks a declaration that the defendants are responsible for the plaintiff's losses and therefore liable for monetary damages.
On April 7, 1993 the defendants filed a motion to strike the plaintiff's complaint. On April 28, 1993, the plaintiff filed an objection to the defendant's motion to strike and attached thereto a supporting memorandum.
A motion to strike challenges the legal sufficiency of a pleading. Gurliacci v. Mayer, 218 Conn. 531, 590 A.2d 914 (1991). The motion to strike admits all well-pleaded facts but does not admit legal conclusions or accept the accuracy or truth of any opinions stated in the complaint. Mingachos v. CBS, 196 Conn. 91, 108, 491 A.2d 368 (1985). Moreover, a party may properly challenge the legal sufficiency of a declaratory judgment action under Practice Book 390 by a motion to strike. England v. Town of Coventry, 183 Conn. 362, 365-66, 439 A.2d 372 (1981).
The defendant Bankers Life Casualty Company contends that the CT Page 6296 plaintiff's declaratory judgment action amounts to nothing more than a standard civil action for damages thinly disguised as a declaratory judgment suit and is therefore improper and it should be stricken.
Practice Book 390(c) provides that the
 . . . court will not render declaratory judgments upon the complaint of any person . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some form of procedure. . .
Although "[s]ubject matter jurisdiction over actions for declaratory judgment exists despite the availability or adequacy of other remedies," a trial court should not render such a judgment where "another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete." Progressive Cas. Ins. Co. v. DiGangi, 4 Conn. App. 137,139-40, A.2d (1985. Textron, Inc. v. Wood, 167 Conn. 334, 343,355 A.2d 307 (1974); Bartlett v. City of Rockville, 150 Conn. 428, 432
(1963). A standard civil action for damages affords the plaintiff the relief that it seeks, mainly indemnification for any losses that were proximately caused by the defendants' conduct.
In Progressive Casualty, supra, 140-42, the appellate court found "that the trial court properly refused, in the reasonable exercise of its discretion, to entertain" the plaintiff's declaratory judgment action where arbitration provided the plaintiff with an adequate alternative remedy. Id. 140-42.
Similarly, in Faber v. Nervell, 4 CSCR 799 (1989) the plaintiff brought a declaratory judgment action to define his rights to two antique cars that he claimed had been transferred to him as inter vivos gifts by the defendants' decedent. The defendants claimed that the vehicles were properly included in the decedent's estate and that the replevin action available to the plaintiff subjected the declaratory judgment action to a motion to strike. The court concluded "that there does exist an alternative means of relief available to the plaintiff, an action at law in replevin, which would afford the plaintiff the relief he seeks in the action in declaratory judgment." Id. at 800. Therefore, the court granted the defendants' motion to strike. Id. Further in Jenkins v. Indemnity Ins. Co., 152 Conn. 249, 260 (1964), an insurance coverage dispute, the court stated that "on the face of the complaint, there was another more appropriate remedy, [a direct, breach of contract action] and the court below should have refused to entertain a declaratory judgment action at all." (Emphasis added); Bartlett v. City of Rockville, 150 Conn. 428 (1963) ("A declaratory judgment will not be rendered where the court is of the opinion that the parties should be CT Page 6297 left to seek redress by some other form of procedure.")
In the case at bar, the plaintiff's complaint alleges negligence (first count, fifth count) CUTPA violations (second count), breach of duty of good faith (third count), and breach of contract (fourth count). The only thing that brings the plaintiff's claims within the declaratory judgment statute is the plaintiff's allegation for a declaratory judgment in the first count of its complaint. Therefore, the complaint reveals that an action at law, that is at least as speedy, convenient and appropriate as this declaratory judgment suit, is readily available to the plaintiff.
Accordingly, the defendant's motion to strike is granted, however the request for costs is denied.
PICKETT, J.