[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS IRA ROCK, WILFREDO B. CADELINA, RAMA SAWHNEY, and GRIFFIN ANESTHESIA ASSOCIATES, P.C.'S MOTION TO STRIKE (#108); and DEFENDANT GRIFFIN HOSPITAL'S MOTION TO STRIKE (#109)
The plaintiff, who is a medical doctor, has filed an eleven-count revised complaint dated April 19, 1993, arising out of her discharge as an employee of defendant Griffin Anesthesia Associates, P.C. (Associates), and the termination of her staff privileges at defendant Griffin Hospital (Hospital). Also named as defendants are Drs. Ira Rock, Wilredo B. Cadelina, and Rama Sawhney.
Associates is a professional corporation which was organized on or about May 1, 1987 by the three individual defendants and the plaintiff, all of whom are anesthesiologists and former employees of the Anesthesiology Department of the Hospital. At about the time Associates was organized it entered into a contract with the defendant Hospital to provide anesthesia services to the Hospital. The subsequent discharge of the plaintiff as an employee of Associates and the termination of her staff privileges at the Hospital occurred in 1990.
Before the court at this time are two motions to strike. One of these (#108) has been filed by the defendants Rock, CT Page 6765 Cadelina, Sawhney and Associates, seeking to strike count one which alleges a breach of fiduciary duty, count two alleging intentional misrepresentation, count three alleging negligent misrepresentation, count four alleging intentional infliction of emotional distress, and count nine alleging unfair trade practices. The second motion to strike (#109) is filed by the remaining defendant, Hospital, and moves to strike counts two, three, and four. Both motions are based on the claim that the counts sought to be stricken do not allege causes of action upon which relief may be granted.
The plaintiff concedes that counts two, three, and nine should be stricken. Therefore, there remains for disposition only the motions to strike counts one and four.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The motion to strike admits all facts well pleaded but does not admit legal conclusions. Id. When ruling upon a motion to strike, the court is limited to the facts alleged in the complaint; King v. Bd. of Educ. of the Town of Watertown,195 Conn. 90, 93, 486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). The facts alleged in the complaint are construed in a manner most favorable to the pleader. Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137, 140, 492 A.2d 548, rev'd on other grounds 203 Conn. 45, 523 A.2d 477 (1987). If the facts provable under the complaint support a cause of action, the motion to strike should be denied. Mingachos v. CBS, Inc., supra, 109-09.
The first count is directed at all defendants, except Hospital, and sets forth a claim of breach of fiduciary duty alleged to be owed to the plaintiff by those defendants. The plaintiff and the individual defendants are all alleged to be employee-shareholders in Associates. The breach of a fiduciary is claimed to arise out of her termination as an employee of Associates by action of Associates and the other defendants acting as majority shareholders.
The court is unaware ok any authority which supports a claim that the termination of employment ok an employee-shareholder by action of the other shareholders and the corporation gives rise to a cause of action for breach of a fiduciary duty. There is CT Page 6766 authority to the contrary. See Ingle v. Glamore 73 N.Y.2d 183,538 N.Y.S.2d 771 (1989); Hoheb v. Pathology Assoc. of Albany, P.C., 146 App.Div.2d 919, 536 N.Y.S.2d 894 (1989). The first count does not allege a valid cause of action of breach of a fiduciary duty.
The fourth count, which is directed at the defendants Associates, Hospital and Rock, is a claim of intentional infliction of emotional distress. A claim of this nature requires the plaintiff to allege and prove four elements: (1) the defendant intended or knew or should have known that its conduct would cause the plaintiff emotional distress; (2) the defendants' conduct was extreme and outrageous; (3) the defendants' conduct caused the plaintiff's distress; (4) the distress was severe. Petyan v. Ellis, 200 Conn. 243, 253 (1986).
The fourth count contains no allegation that the conduct described was "extreme and outrageous", and the motion to strike could be granted for that reason. However, even if the allegations could be construed as alleging that certain conduct on the part of the defendants was "extreme and outrageous", the allegations of conduct do not constitute, as a matter of law, extreme and outrageous conduct. "Extreme and outrageous" conduct is "conduct exceeding all bounds usually tolerated by a decent society, . . ." Petyan, supra 254, n. 5. None of the conduct attributed to any of the defendants named in the fourth count is conduct which reaches this high level. The fourth count fails to adequately allege a cause ok action based on intentional infliction of emotional distress.
Accordingly, for the reasons above stated, both motions to strike, #108 and #109, are granted.
Hadden, J.