[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: MOTION TO STRIKE #196
In an amended five-count complaint filed on May 28, 1993, the plaintiffs, Fairbanks American, Inc., and its president, Joseph Lupo, allege that their insurer, defendant American Home Assurance Co., failed to pay part of a judgment entered against the plaintiffs, and failed to pay certain legal fees and expenses incurred by the plaintiffs. The judgment was entered and the fees and expenses were incurred in two lawsuits brought against Fairbanks American and Lupo by an entity known as Transgo, Inc. (The suits were brought by Transgo, Inc. in 1977 and 1980.)
In the first count of the amended complaint, the plaintiffs allege that the defendant breached the terms of the parties' insurance policy by failing to reimburse the plaintiffs for their legal expenses and for the full amount of the judgment that entered against them. In the second count, the plaintiffs allege that the defendant breached its implied covenant of good faith and fair dealing by failing to pay the plaintiffs' claims. In the third count, the plaintiffs assert a claim pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a et seq., based on allegations that the defendant engaged in unfair claims settlement practices in violation of the Connecticut Unfair Insurance Practices Act CT Page 3031 ("CUIPA"), General Statutes 38a-816(6). In the fourth count, plaintiff Fairbanks American, Inc. asserts a fraud claim against the defendant. In the fifth count, plaintiff Lupo asserts a fraud claim against the defendant.
Now, by way of the instant motion (#196), filed on September 22, 1993, the defendant seeks to strike the third count of the plaintiffs' amended complaint. In so doing, the defendant argues that the third count is legally insufficient because 38a-816 does not provide for a private cause of action, and because the plaintiffs fail to allege facts sufficient to prove a "general business practice" pursuant to 38a-816(6).
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "In considering [a] ruling upon a motion to strike [courts] are limited to the facts alleged in the complaint[;]" King v. Board of Education of the Town of Watertown, 195 Conn. 90,93, 486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 426
(1977). The test for deciding whether to grant a motion to strike is "whether, if the facts alleged are taken to be true, the allegations provide a cause of action . . ." County Federal Savings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582,585, 491 A.2d 401 (1985). When courts undertake this kind of analysis they "take the facts alleged in the complaint and construe them in a manner [that is] most favorable to the pleader." Progressive Casualty Insurance Co. v. DiGangi,4 Conn. App. 137, 140, 492 A.2d 548 (1985). And if "the facts provable under that complaint would support a . . . cause of action," the motion to strike should be denied. Mingachos v. CBS, Inc., supra. 108-09.
The defendant's first argument is that a private cause of action cannot be brought pursuant to CUIPA. In the third count of their amended complaint, the plaintiffs are asserting a CUTPA claim based on allegations that the defendant engaged in unfair claims settlement practices in violation of CUIPA. A private cause of action may be brought under CUTPA to enforce alleged CUIPA violations. Mead v. Burns, 199 Conn. 651, 663,509 A.2d 11 (1986). Accordingly, the defendant's first argument must fail. CT Page 3032
The defendant also argues that in order to allege a legally sufficient CUTPA claim based on alleged CUIPA violations, a plaintiff must allege that the insurer engaged in acts of misconduct with respect to more than one insured in order to meet the "general business practice" requirement contained in General Statutes 38a-816(6). This court has recently ruled upon this question in Sansone v. Esis, Inc.,8 Conn. L. Rptr. 171
(January 6, 1993, Maiocco, J.), in which the court held that allegations of multiple acts of misconduct on the part of the defendant-insurer with respect to one plaintiff-insured is enough to establish a "general business practice" pursuant to General Statutes 38a-816(6). Accord: Sambuco v. Aetna Casualty Co., 4 Conn. L. Rptr. 74 (1991) (Karazin, J.); Combustion Engineering v. Salka Sons, Inc.,3 Conn. L. Rptr. 597 (1990) (Dorsey J.); Martin v. New England Masonry,4 Conn. L. Rptr. 551 (1991) (Murray, J.). Contra: Lees v. Middlesex Insurance Co., 9 Conn. L. Rptr. 297 (October 5, 1992, Lewis, J.); Reis v. Mutual of Omaha Insurance Co., 8 Conn. L. Rptr. 302
(February 29, 1993, Nigro, J.).
Here, in the third count of its amended complaint, the plaintiffs allege that the defendant engaged in multiple acts of misconduct with respect to the plaintiffs' claims under their policy. Accordingly, based on the reasoning in Sansone v. Esis, Inc., supra, the defendant's motion to strike the third count of the plaintiffs' amended complaint is denied.
THE COURT
MAIOCCO, J.