[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The court held a hearing for oral argument on April 17, 1995 and rendered a verbal decision denying the motion to strike. However, since defendant, Colonial Penn Insurance Company, hereinafter, "Colonial Penn" raised more than one ground of decision in its motion to strike, a written decision is required under Practice Book § 156.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988);Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90,93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citation omitted.) AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980). "[W]hether a court should grant declaratory relief is properly decided by a motion to strike."Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 293,596 A.2d 414 (1991). CT Page 3244
Colonial Penn's motion to strike this declaratory judgment action is based, in the first instance on its claim that the amended complaint fails to allege a justiciable controversy between it and the plaintiff as required by Connecticut Practice Book § 390(b).
Connecticut Practice Book § 390(b) provides in pertinent part:
 The court will not render declaratory judgments upon the complaint of any person:
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.
Plaintiff is the uninsured motorist carrier of Randy W. Papa who has sued Leighton Raymond for negligence resulting from an automobile accident in case number CV 93 0052342 in this court, which action is pending. Colonial Penn has denied coverage as liability carrier for Leighton Raymond. Randy Papa has, in that action, also claimed uninsured motorist benefits from the plaintiff herein. Plaintiff herein claims that the cancellation of the Colonial Penn policy was/is invalid, there is liability coverage and, therefore, Mr. Raymond is not an uninsured motorist.
The court finds that if Colonial Penn's denial/cancellation was valid the plaintiff's uninsured motorist coverage is implicated. Colonial Penn's status is crucial to plaintiff's uninsured motorist coverage. There is, therefore, a sufficient relationship between plaintiff and Colonial Penn to comply with Connecticut Practice Book § 390(b). Further, there is an actual bona fide and substantial question on issue in dispute which requires settlement between the parties. The requirements of Connecticut Practice Book § 390(b) have been met.
The second ground claimed rests on Connecticut Practice Book § 390(c) which provides in pertinent part:
 The court will not render declaratory judgments upon the complaint of any person . . . . (c) where the court shall be of the opinion that the party should be left to seek redress by some other form of procedure; . . .
CT Page 3245
Colonial Penn claims that there is another action which affords a remedy which is as effective, convenient and complete. The court does not find this argument persuasive.
The parties have agreed in oral argument that the court has wide discretion to allow a declaratory judgment action.Progressive Casualty Insurance Company v. DiGangi; 4 Conn. App. 137,139 (1985) states that the court has such discretion unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete.
The alternative is to require Mr. Papa to obtain judgment against Mr. Raymond, then sue Colonial Penn under Connecticut General Statutes § 38a-321, and then, if Colonial Penn's denial/cancellation is found to be valid, sue the plaintiff herein for uninsured motorist benefits.
The court finds this alternative does not afford a speedy remedy as effective, convenient, appropriate and complete as a declaratory judgment action.
The court finds persuasive the reasoning and decisions in:
Delene Hammond v. Evelyn Council, 10 Conn. Law Rptr, No. 9, Pg. 273, Dec. 13, 1993, Lewis J.
Marvin Wynn v. Commercial Union, 12 Conn. Law Rptr, No. 2, Pg. 51, August 8, 1994, Lewis, J.
Aetna Casualty Surety v. Gentile, 11 Conn. Law Rptr, No. 5, Pg. 144, April 11, 1994, Fracasse, J.
Accordingly, the motion to strike is denied.
Rittenband, J.