[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
On September 21, 1998, Hanover Insurance Company the plaintiff, filed this revised single count complaint seeking a declaratory judgment as to the defendants, Kurt E. Halfmann and Delores Egan. Hanover alleges that Halfmann seeks coverage and a defense under a homeowner's policy that Hanover issued to him. (Complaint ¶ 5.) Halfmann wants coverage for claims brought by Egan against Halfmann in an underlying action. (Complaint ¶ 6.) Egan filed a pending action, Egan v. Halfmann, Docket No. 410255, against Halfmann in which Egan alleges that Halfmann assaulted her and caused her to sustain personal injuries. (Complaint ¶ 8.) Hanover alleges that the policy issued to Halfmann does not provide coverage for the actions alleged in the Egan complaint. Therefore, Hanover seeks a declaratory judgment by the court to determine that the insurance policy issued to Halfmann does not require Hanover to provide him with a defense or indemnification in the underlying action.
Egan now moves to strike Hanover's complaint on the grounds that: 1) according to the homeowner's policy Hanover is obligated to provide coverage for Halfmann's liability in the underlying action; 2) negligence is alleged against Halfmann in the underlying action and the homeowner's policy provides coverage for Halfmann's negligence; and 3) no facts are alleged to support that a declaratory judgment would provide a more effective, convenient, and complete determination than is available in the underlying action. On October 20, 1998, Hanover filed a memorandum of law in opposition to Egan's motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
In her memorandum, Egan has not provided any supporting authority for the first two grounds asserted in her motion to CT Page 3101 strike: 1) Hanover is obligated to provide coverage for Halfmann's liability; and 2) negligence is alleged against Halfmann in the underlying action and the homeowner's policy provides coverage for Halfmann's negligence. Furthermore, these assertions amount to legal conclusions and do not provide reasons for the legal insufficiency of the Hanover's complaint. "The defendant also seeks to strike plaintiff' s request for a writ of mandamus and for injunctive relief. Its memorandum of law in support of the motion to strike cites no law or other authority in support of its request to strike the claim for an injunction. That issue must, therefore, be considered waived or abandoned for failure to brief. . . ." (Citation omitted.) D.P.L. Refuse Service.Inc. v. City of Ansonia, Superior Court, judicial district of New Haven, Docket No. 340059 (June 9, 1993, Gray, J.). The court may consider the first two grounds raised by Egan as waived or abandoned for failure to brief. Therefore, the court need only address the final ground asserted by Egan, i.e., that Hanover's action does not allege facts that would support a determination that would be more effective, convenient, and complete determination than is available in the underlying action.
"The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. . . ." (citations omitted; internal quotation marks omitted.) Mannweiler v. LaFlamme, 232 Conn. 27,33, 653 A.2d 168 (1995). "Section 390(c) [now Practice Book (1998 Rev.) § 17-55] of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. . . . Therefore a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed. . . ." (Citation omitted; internal quotation marks omitted.) Progressive casualty Ins. Co.v. DiGanZi, 4 Conn. App. 137, 140, 492 A.2d 548 (1985), rev'd on other grounds sub nom., Beloff v. Progressive Casualty Ins. Co.,203 Conn. 45, 523 A.2d 477 (1987).
In support of the final ground asserted, Egan argues that the only issue raised in this declaratory action is whether she will be able to prove Halfmann's negligence in the underlying action. Egan asserts that Hanover is obligated to provide coverage and a defense for Halfmann's negligence under Halfmann's homeowner's CT Page 3102 policy. Egan maintains that the issue of Halfmann's negligence will be determined in the underlying action, thus the underlying action provides a more effective, convenient, and complete remedy. Accordingly, she maintains that the court should strike Hanover's complaint.
In opposition, Hanover argues that this declaratory judgment action has been timely filed and that the court need not wait for a verdict in the underlying action in order to render a decision on this declaratory judgment.
The facts in this present case are analogous to a recent trial court decision K-Mart Corporation v. United States FireInsurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565206 (June 16, 1997, Wagner,J.T.R.). In K-Mart Corporation, the plaintiff filed a separate declaratory judgment action to determine whether the defendant-insurer was obligated to defend it in a pending law suit. The defendant-insurer filed a motion to strike the declaratory judgment action on the ground that the underlying action provided an alternative means of redress. The court, Wagner, J.T.R., denied the defendant-insurer's motion to strike and found that because the defendant-insurer was not a party to the underlying action that K-Mart would not receive a more effective, convenient, and complete remedy in the underlying action. Id. In the present case, as in K-Mart Corporation, Hanover is not a party to the underlying action and the declaratory judgment is sought to determine whether Hanover, as the insurer, is bound to provide coverage and a defense for the allegations against Halfmann. Although Egan maintains that a decision is necessary in the underlying action prior to ruling on this declaratory judgment, several Superior Court decisions have ruled upon declaratory judgment actions while an underlying suit was pending when the underlying suit involved claims of negligent and intentional torts. See State Farm Fire Casualty Co. V. Bullock,
Superior Court, judicial district of New Haven at New Haven, Docket No. 387111 (May 30, 1997, Blue, J.) (court found that the insurer had no duty to defend allegations of assault and negligence); TIG Insurance Co. v. Windham Community Hospital,
Superior Court, judicial district of Windham at Putnam, Docket No. 053660 (January 8, 1997, Sferrazza, J.) (court found that the insurer was bound to defend and provide coverage for allegations of reckless behavior); Middlesex Mutual Assurance Co. v. Rand,
Superior Court, judicial District of Middlesex at Middletown, Docket No. 076644 (April 4, 1996, Stanley, J.) (16 Conn. L. Rptr. CT Page 3103 414) (court found that the insurer had no duty to defend or indemnify with respect to allegations involving sexual misconduct). Therefore, based upon the foregoing, Egan's motion to strike is DENIED.
Howard F. Zoarski Judge Trial Referee