[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#112)
The plaintiff Maceo T. Streater ("Streater") has brought this lawsuit against his former attorney, the defendant John J. Kelley. Streater's original complaint was dated January 14, 2000 and made returnable to court on February 29, 2000. Thereafter, Streater filed a Revised Complaint dated August 16, 2000 that alleges six counts. The Revised Complaint alleged that, after being convicted of murder and sentenced to 35 years imprisonment, Streater hired the defendant to represent him in order to file a petition for a new trial. The gist of Streater's claim is that a petition for new trial was not filed within the time permitted by statute. He asserts that the deadline to file a petition for new trial was March 25, 1996 and that no petition was filed by that date.
The defendant has moved to strike all six counts of the amended complaint on the ground that Streater's tort claims are barred by the three year statute of limitations set forth in General Statutes § CT Page 1471152-577. Specifically, the defendant asserts that Streater had to bring suit within three years of March 25, 1996, that is, by March 25, 1999. For the reasons set forth below, the motion to strike is denied.
A claim that an action is barred by the lapse of the statute of limitations must normally be pleaded as a special defense, not raised by a motion to strike. Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993); see also Practice Book § 10-50 (defense of statute of limitations must be specially pleaded).
The defendant claims that this case falls into one of the situations where it is permissible to use a motion to strike to raise the defense of the statute of limitations. Under Connecticut law, when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations, . . . it is proper to raise that question by [a motion to strike] instead of by answer." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72
(1956). The Appellate Court has emphasized that the parties' agreement as to all of the necessary facts is essential to the application of the exception to the general rule requiring a statute of limitations claim to be raised by way of special defense. Forbes v. Ballaro, supra 240. In this case, there has been no such agreement.
In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. UnitedTechnologies, 240 Conn. 576, 580 (1997). This includes the facts necessarily implied and fairly provable under the allegations.Progressive Casualty Ins. Co. v. Digangi, 4 Conn. App. 137, 140-41
(1985).
In this case, as noted above, the parties have not agreed on the facts. In addition, Streater's complaint asserts that the petition for new trial filed on his behalf was withdrawn without his knowledge or consent. Revised Complaint ¶ 12. Whether such assertions would support a claim under General Statutes § 52-595 (fraudulent concealment) need not be addressed. Construing the facts most favorably to Streater, however, the record is not such that the defendant's statute of limitations claim should be resolved on a motion to strike.
For the reasons set forth above, the motion to strike is denied.
So Ordered at New Haven, Connecticut this 30th day of November, 2000.
Devlin, J.